IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00977-PAB-KLM

PATRICIA ASHENFELTER

    Plaintiff,

v.

INDYMAC BANK, FSB,
THOMAS S. MOWLE, PUBLIC TRUSTEE,
DEUTSHE BANK NATIONAL TRUST COMPANY,
ONEWEST BANK, FSB,
MERS, and
QUICKEN LOANS, a corporation doing business in the State of Colorado,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant Public Trustee's Motion to Dismiss the Complaint** [Docket No. 6; Filed April 27, 2011] ("Motion to Dismiss"). Despite being directed to file a response to the Motion to Dismiss, Plaintiff has failed to do so.[1] Pursuant

---

[1] Dismissal of Plaintiff's case may be appropriate based on Plaintiff's failure to follow the Court's Order. *See* Fed. R. Civ. P. 41(b). While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry. *See, e.g.*, D. Kan. Rule 7.4. In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has stated its preference for resolution of the substance of a motion to dismiss despite the *pro se* plaintiff's failure to respond. *Persik v. Manpower, Inc.*, 85 Fed. Appx. 127, 130 (10th Cir. Dec. 31, 2003) (unpublished decision). Given the judicial system's strong preference for resolving cases on their merits, the Court considers the Motion to Dismiss on its merits. With that being said, it is never appropriate to ignore Court Orders. Simultaneous with the filing of this recommendation, the Court is issuing an Order to Show Cause why Plaintiff's case should not be dismissed pursuant to Fed. R. Civ. P. 41(b).

to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1.C, the Motion to Dismiss has been referred to this Court for recommendation. Having considered the pleadings and the docket in this case, the Court is fully advised of the issues presented. For the reasons set forth below, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED.**

## I. Factual Background and Complaint

Plaintiff, who is proceeding *pro se*, filed this action on April 13, 2011 [Docket No. 1]. Jurisdiction is premised on the Court's authority to review matters involving a federal question. 28 U.S.C. § 1331. Although the Complaint is not a model of clarity, it appears that Plaintiff asserts several allegations based on loan obligations secured from multiple lenders for real property.[2] *Complaint* [#1] at 3-4. Plaintiff's claims appear to arise from loans secured to buy property located at 13687 Paradise Villas Gry, Colorado Springs, Colorado 80921. *Id.* at 1. Plaintiff seeks injunctive relief against foreclosure of the property and/or a full deed of release. *Id.* at 2, 5.

Viewing the Complaint very liberally, Plaintiff appears to assert the following claims against all Defendants: (1) violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1601; (2) violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 (2002); (3) violation of the Truth in Lending Act, 15 U.S.C. § 1602 (2006); (4) fraud; (5) breach of fiduciary duty; and (6) breach of contract.[3] *Id.* at 1, 3, 4.

---

[2] The Court notes that although multiple Defendants are named, Plaintiff refers to a singular "Defendant" throughout the Complaint. In addition, Plaintiff refers to multiple "Doe Defendants", though no John Doe Defendant is listed in the case caption, or in the remainder of the Complaint. *See Complaint* [#1] at 2.

[3] The first five claims are listed only in the heading of Plaintiff's Complaint. The Complaint is otherwise factually void of allegations which speak to claims (1) through (5). In addition, only through liberal construction of terms like "contractual obligation" does claim (6) potentially arise. *See Complaint* [#1] at 1, 3-4.

Defendant Public Trustee contends the Plaintiff's claims against it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) for the following reasons: (1) the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-101, bars Plaintiff's state law tort claims because Plaintiff failed to provide written notice to the State of Colorado of any claimed injury caused by Defendant Public Trustee; and (2) there is no plausible basis for relief based on Plaintiff's claims against Defendant Public Trustee. *Motion to Dismiss* [#6] at 6-9.

## II. Standard of Review

Because federal courts are courts of limited jurisdiction, the Court must have a statutory basis for exercising jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The purpose of the motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1988) (quoting *Oneida Indian Nation v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)). A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the Complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. *Id.* (citation omitted). Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 494 F.3d 1174, 1777 (10th Cir. 2007). However, "[t]he court's function on a Rule 12(b)(6)

4

motion is not to weigh the potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Ashcroft*, 129 S. Ct. at 1949 (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court, "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

**A.     Plaintiff's State Law Tort Claim**

Defendant Public Trustee moves to dismiss the fraud claim asserted against him pursuant to the CGIA. Colo. Rev. Stat. §§ 24-10-101, -109. The CGIA provides that a public employee is immune from liability in any action which lies in tort, or which could lie in tort regardless of how pled, if the public employee's act or omission occurred during the performance of his duties within the scope of his employment, so long as such act or omission was not willful or wanton. Colo. Rev. Stat. § 24-10-101. In order to pursue a

5

claim sounding in tort against a public employee, section 24-10-109(a) of the CGIA requires that "anyone who has a claim against . . . [a state actor or entity] must file a written notice of the claim within one hundred eighty days after the date of discovery of the injury." *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 839 (10th Cir. 2003) (quoting *Gallagher v. Bd. of Trs. for Univ. of N. Colo.*, 54 P.3d 386, 390-91 (Colo. 2002)). Section 24-10-109(1) further provides that "[c]ompliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action." Accordingly, Colorado courts consistently hold that a plaintiff must plead compliance with the CGIA's notice provisions in the complaint to avoid dismissal.[4] *Aspen Orthopaedics*, 353 F.3d at 840 (citing *Kratzer*, 18 P.3d at 769; *Deason*, 706 P.2d at 1286). The notice provisions of the CGIA apply when federal courts hear Colorado tort claims under supplemental jurisdiction. *See, e.g.*, *Renalde v. City & Cnty. of Denver, Colo.*, 807 F. Supp. 668, 675 (D. Colo. 1992).

Defendant Public Trustee asserts that Plaintiff's fraud claim is barred because Plaintiff failed to exhaust the notice requirements of the CGIA. *Motion to Dismiss* [#6] at 3. Moreover, Defendant contends that Plaintiff fails to allege in the Complaint any factual allegations indicating compliance with the CGIA notice provisions.[5] Giving the Complaint

---

[4] Within the pleadings, "[a] claimant must allege in his or her complaint that the claimant has complied with the jurisdictional prerequisite of filing of a notice of claim." *See Kratzer v. Colo. Intergovernmental Risk Share Agency*, 18 P.3d 766, 769 (Colo. App. 2000). Failure to do so may result in dismissal at any stage of the proceedings. *See Deason v. Lewis*, 706 P.2d 1283, 1286 (Colo. App. 1985) ("[P]laintiff failed to plead compliance with the notice provision, and thus, his tort claims under the [C]GIA were insufficient.").

[5] "Generally, an allegation such as the following would suffice: 'Plaintiff fully complied with the provisions of Colo. Rev. Stat. section 24-10-109.'" *Aspen Orthopaedics*, 353 F.3d at

the most liberal reading, nothing within it satisfies the pleading requirement. Further, Plaintiff's Complaint makes no mention of the CGIA, and the Complaint itself does not substitute for notice under section 24-10-109(1). *See Kratzer*, 18 P.3d at 769 (noting that CGIA § 24-10-109(6) requires that a claimant must timely file a notice of claim and properly serve such notice before filing a complaint). To the extent that the Complaint can be read to assert any claim sounding in tort, e.g., fraud, the Court lacks jurisdiction over such a claim.[6] Accordingly, the Court recommends that any state law tort claim be dismissed as to the Defendant Public Trustee.

### B. Plaintiff's Federal and Remaining State Law Claims

Defendant Public Trustee argues that Plaintiff's remaining statutory federal and state law claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[7] The pleading standard under Fed. R. Civ. P. 8(a)(2) does not require "detailed factual assertions," but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555. Such general, conclusory allegations, without supporting factual averments, are insufficient to state a claim for relief. *See Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996). Instead, "to state a claim in federal court, a complaint must

---

841.

[6] In addition, although Plaintiff's fraud claim is clearly barred by the CGIA, such a claim has a heightened pleading burden pursuant to Fed. R. Civ. P. 9(b) and would also be barred on this ground. Where "there is nothing to support plaintiff's allegations that defendant . . . [committed fraudulent conduct]," any conclusory allegations to this effect are "not well-pled facts" and the Court need not accept the allegations as true. *Coburn v. Nordeen*, 72 Fed. Appx. 744, 746 (10th Cir. 2003) (unpublished decision).

[7] Potential claims include violations of the Fair Debt Collections Practices Act, the Colorado Consumer Protection Act, and the Truth in Lending Act. Additionally, potential state law claims include breach of fiduciary duty and breach of contract.

explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her; and, what specific legal right the plaintiff believes the defendant has violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff's Complaint sets forth few, if any, facts regarding specific statutory federal or state law claims. Even when viewed liberally, the Complaint does not include "enough facts to state a claim to relief that is plausible on its face." *TON Servs.*, 493 F.3d at 1235. The only mention of specific causes of action are found in a heading and final conclusory statement, merely amounting to "labels and conclusions" devoid of any "factual enhancement."[8] *Ashcroft*, 129 S. Ct. at 1949; *Complaint* [#1] at 1, 4. More specifically, Plaintiff's Complaint lacks any specificity regarding conduct allegedly committed by Defendant Public Trustee which would put him on notice of the charges against him.[9] For example, the Complaint introduces the Public Trustee, along with one other Defendant, but proceeds to first refer to all Defendants as "Doe's," and later to refer only to a singular "Defendant." *See Complaint* [#1] at 3-5. Throughout the Complaint, no harm is linked to any conduct either attributed or attributable to Defendant Public Trustee, nor is there any mention of this Defendant beyond his initial identification.

---

[8] The Complaint also contains general statements that "Defendant" is in "default" and in violation of "fact, Statute, the Constitution of the United States, the Constitution for Colorado, the [Uniform Commercial Code], . . . 15 U.S.C. §§ 1601, 1692." *Complaint* [#1] at 4. Plaintiff does not elaborate as to which Constitutional provisions may be at issue nor describe what U.C.C. provisions may be implicated. Although a *pro se* pleading is generally entitled to liberal review, the Court is not at liberty to supply facts or claims which are not clearly conveyed. *Whitney*, 113 F.3d at 1173-74 (*citing Hall*, 835 F.2d at 1110).

[9] Moreover, the Complaint does not state "what each defendant did to [her]; when the defendant did it; how the defendant's actions harmed [her]; and, what specific legal right the plaintiff believes the defendant has violated." *Nasious*, 492 F.3d at 1163.

For example, to the extent that the Complaint mentions an alleged contractual obligation breached by the activity of a "Defendant," the Complaint is devoid of facts allowing the Court to draw a reasonable inference that Defendant Public Trustee is liable for breach of contract. In Colorado, to plead a breach of contract claim, a plaintiff must allege the following: (1) the existence of a contract; (2) performance by the plaintiff or some justification of nonperformance; and (3) failure to perform the contract by the defendant. *Conagra Trade Grp., Inc. v. Fuel Exp., LLC*, 636 F. Supp. 2d 1166, 1171 (D. Colo. 2009) (*citing W. Distrib., Co.* v. *Diodosio*, 841 P.2d 1053, 1057 (Colo. 1992)). Plaintiff's Complaint does not attribute any contractual obligation to Defendant Public Trustee. *Complaint* [#1] at 3. Additionally, Plaintiff's Complaint mentions neither performance by the Plaintiff nor failure to comply by Defendant Public Trustee. *Complaint* [#1] at 3. Plaintiff's breach of fiduciary duty claim similarly fails to attribute conduct to Defendant Public Trustee that could possible make him liable for that claim. *See generally Equitex, Inc. v. Ungar*, 60 P.3d 746 (Colo. App. 2002); *Jarnagin v. Busby, Inc.*, 867 P.2d 63, 67 (Colo. App. 1993).

Although the claims at issue are not sufficiently clear, it is clear that none are adequately pled against Defendant Public Trustee. Accordingly, the Court recommends that any statutory federal or state law claims be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[10]

---

[10] The dismissal of an action "pursuant to Rule 12(b)(6) is a resolution on the merits and is ordinarily prejudicial." *Okusami v. Psychiatric Inst. of Wash.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992); *accord Brierly v. Schoenfield*, 781 F.2d 838 (10th Cir. 1986) (affirming a district court decision to dismiss with prejudice an action brought under 42 U.S.C. Sec 1983); *Cortus Indus., Inc. v. Van Dam*, 974 F.2d 1345, 1992 WL 219037, at *3-4 (10th Cir. Sept. 9, 1992) (unpublished table decision) (relying on *Okusami* and *Brierly* to affirm dismissal of an action with prejudice). However, due to heightened concerns when the plaintiff is proceeding *pro se*, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend."

### IV. Conclusion

For the foregoing reasons, I respectfully **RECOMMEND** that Defendants Public Trustee's Motion to Dismiss be **GRANTED** and Plaintiffs' case against him be **DISMISSED with prejudice.**[11]

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives the appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 10, 2011

---

*Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.") (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997))). Plaintiff has not alleged a single relative fact related to Defendant Public Trustee. Nor did she respond when prompted by the Court to explain the allegations at issue in her Complaint. Therefore, it is the Court's recommendation that no opportunity to amend be permitted.

[11] Although the Court recommends that any state law tort claims be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), which is ordinarily a dismissal without prejudice, see *Garman v. Campbell Cnty. Sch. Dist.*, 630 F.3d 977, 985 (10th Cir. 2010), because such claims would also fail pursuant to Fed. R. Civ. P. 8 and 9, the Court recommends that the dismissal be with prejudice as to all claims.

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix