IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00977-PAB-KLM

PATRICIA ASHENFELTER,

    Plaintiff,

v.

INDYMAC BANK, FSB,
THOMAS S. MOWLE, PUBLIC TRUSTEE,
DEUTSHE [sic] BANK NATIONAL TRUST COMPANY,
ONEWEST BANK, FSB,
MERS,
QUICKEN LOANS, a corporation doing business in the State of Colorado,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

    This matter is before the Court *sua sponte*.  On June 10, 2011, the Court ordered Plaintiff to show cause why her case should not be dismissed for failure to prosecute and failure to comply with Court Orders pursuant to Fed. R. Civ. P. 41(b) [Docket No. 11]. Plaintiff failed to respond by the show cause deadline.  As the Court sets forth in detail below, Plaintiff's conduct to date demonstrates a lack of interest in prosecuting this case as well as a failure to comply with several Court Orders.  Because Plaintiff is proceeding *pro se*, the Court has given Plaintiff multiple opportunities to prosecute her case.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court is not Plaintiff's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome.  See *Hall*, 935 F.3d at 1110.

    For the reasons provided below, I respectfully **RECOMMEND** that Plaintiff's case

be **DISMISSED with prejudice** as a sanction pursuant to Fed. R. Civ. P. 41(b).

## I. Background

By way of giving context to the Court's Recommendation, the Court provides the following background. On April 13, 2011, Plaintiff filed the present lawsuit alleging various claims related to lending practices and home foreclosure [Docket No. 1]. To date, this is the only pleading filed by Plaintiff in this case. Despite the fact that there is no record that Plaintiff effected service on any Defendants, Defendant Thomas S. Mowle, Public Trustee, filed a Motion to Dismiss the case against him [Docket No. 6]. Plaintiff failed to timely respond, and the Court directed her to do so [Docket No. 8]. In my Order, I warned Plaintiff that her failure to respond could result in dismissal of her case. She failed to respond by the deadline and did not move for an extension of time.[1]

In addition, the Court set a Scheduling Conference for June 20, 2011 [Docket No. 4]. However, due to Plaintiff's failure to be in contact with the Court and to serve the remaining Defendants, I vacated the Scheduling Conference on June 10, 2011 in conjunction with the Order to Show Cause. *See Order to Show Cause* [#11] at 2. In that Order, I noted that although the deadline for service set forth in Fed. R. Civ. P. 4(m) has not yet expired, Plaintiff's failure to effect service interferes with the Court's Order setting a Scheduling Conference, which directs Plaintiff to take certain actions to ensure timely compliance with that Order. *See Order* [#4] at 2-3. I clearly warned Plaintiff again that her failure to provide good cause for the neglect of her case would result in the Court

---

[1] On June 10, 2011, I issued a Recommendation to grant Defendant Mowle's Motion to Dismiss [Docket No. 10]. Plaintiff's objection, if any, to the Recommendation was due on June 24, 2011. None was received. My Recommendation remains pending.

recommending that the case be dismissed. As noted above, Plaintiff failed to respond. None of my Orders have been returned as undeliverable to Plaintiff, and the Court assumes that she has received them.

## II. Findings

To date, the Court finds that Plaintiff has failed to meaningfully participate in her case. Specifically, Plaintiff has failed to comply with at least three Court Orders: (1) she failed to comply with my Order setting the initial Scheduling Conference [Docket No. 4]; (2) she failed to comply with my Order directing her to respond to the Motion to Dismiss by June 6, 2011 [Docket No. 8]; and (3) she failed to comply with my Order to Show Cause [Docket No. 11]. Moreover, Plaintiff's failure to oppose Defendant Mowle's Motion to Dismiss, ready her case to proceed (including to serve the remaining Defendants) and failure to contact the Court since April 2011 are collectively viewed as a failure to prosecute her case.

## III. Analysis

Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an

action.[2]   The factors are:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).  Given that Plaintiff is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ."  *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A.   Prejudice to Defendants

From a review of the case file, I find that Plaintiff's neglect of her case has prejudiced at least Defendant Mowle.  For example, Defendant Mowle spent time and expense preparing a Motion to Dismiss which Plaintiff apparently does not oppose.  While the prejudice to this Defendant has been minimal, were Plaintiff eventually able to effect service on the remaining Defendants, they, too, would be required to incur expenses to

---

[2] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same.  *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

defend against a case it appears that Plaintiff is no longer interested in prosecuting. This factor weighs in favor of dismissal.

### B.     Interference with the Judicial Process

I conclude that Plaintiff's failure to prosecute her case, and specifically her failure to comply with Court Orders, necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to follow Court Orders evidences a complete lack of respect for the Court and the judicial process. In particular, Plaintiff's neglect has caused me and my staff to expend unnecessary time and effort. The Court's frequent review of the case file, issuance of the Recommendation on Defendant Mowle's Motion to Dismiss and issuance of this Recommendation increases the workload of the Court and takes its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished decision). This factor weighs in favor of dismissal.

### C.     Culpability of Plaintiff

Plaintiff has, without providing any excuse, ignored Court Orders and failed to move her case forward. The Court provided Plaintiff with ample opportunities to litigate her case, but since April 2011, she has chosen not to participate. As a voluntary *pro se* litigant, it is solely Plaintiff's responsibility to ensure that she complies with case deadlines and Court Orders. *See, e.g., Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Considering the

history of this case, I must conclude that Plaintiff's failures have been willful, and that she is therefore responsible for her own noncompliance. This factor weighs in favor of dismissal.

### D. Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court on three occasions that she risked dismissal of her case if she failed to move the case forward or to comply with Court Orders [Docket Nos. 4, 8 & 11]. Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, Plaintiff's receipt of advance notice of this result does not prevent it.

### E. Efficacy of a Lesser Sanction

Finally, I conclude that no sanction less than dismissal would be effective. Although Plaintiff is proceeding *pro se*, that does not excuse her neglect here. *See Green*, 969 F.2d at 917. In addition, given that Plaintiff has not been in contact with the Court for several months, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such sanctions bear a substantial relationship to Plaintiff's misconduct. Considering the history of the case, it is apparent that Plaintiff is no longer interested in prosecuting her claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

## IV. Conclusion

I respectfully **RECOMMEND** that Plaintiff's case be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  July 6, 2011

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix