**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer**

Civil Action No. 11-cv-00977-PAB-KLM

PATRICIA ASHENFELTER,

    Plaintiff,

v.

INDYMAC BANK, FSB,
THOMAS S. MOWLE, PUBLIC TRUSTEE,
DEUTSHE [sic] BANK NATIONAL TRUST COMPANY,
ONEWEST BANK, FSB,
MERS,
QUICKEN LOANS, a Corporation, doing business in the State of Colorado,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix filed on July 6, 2011 [Docket No. 13]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party

objects to those findings"). In this matter, I have reviewed the Recommendation to satisfy myself that there is "no clear error on the face of the record."[1] See Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, I have concluded that the Magistrate Judge's Recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. Plaintiff's case is **DISMISSED with prejudice**.
2. Defendant Public Trustee's Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) [Docket No. 6] is **DENIED as moot**.

DATED July 28, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).